IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02192-MSK-CBS

LESLIE BOELLSTORFF,

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,

       Defendant.
_____

**OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 9)**, the Plaintiff's response **(# 19)**, and the Defendant's reply **(# 20)**.  By order **(# 51)** dated June 7, 2006, the Court notified the parties that, pursuant to Fed. R. Civ. P. 12(b), it was converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and that both parties would be permitted to supplement their responses with relevant evidentiary material.  Both parties submitted supplemental briefs **(# 54, 55)** attaching and addressing this supplemental evidentiary material.

## **FACTS**

With a single central exception, the relevant facts of this case are undisputed.  The Plaintiff's husband, Brian Boellstorff, purchased an auto insurance policy from the Defendant in May 1998.  At that time, Colorado law required that purchasers of auto insurance be advised of

1

the availability of enhanced personal injury protection ("PIP") benefits, and that the insured be given the option to purchase or decline such protection. C.R.S. § 10-4-706, 10-4-710 (repealed). The parties disagree on the fundamental question of whether Brian Boellstorff was or was not advised of the availability of enhanced PIP coverage, but it is undisputed that the policy that was issued to him by the Defendant included only basic PIP coverage.

On September 21, 2001, the Plaintiff was injured in an motor vehicle accident and sustained serious physical injuries. The parties agree that the Plaintiff's accident was covered by Brian Boellstorff's policy with the Defendant. On September 25, 2001, the Defendant wrote to the Plaintiff, advising her of the scope of her coverage included payment of medical expenses up to $ 50,000 incurred within 5 years of the accident, and various other benefits limited by time and/or dollar amount. Although the record is not clear on the point, the Court assumes that the Plaintiff ultimately exhausted the benefits available under the policy, and continued to incur medical or rehabilitative costs, or continued to lose income after exhausting the policy benefits. The Plaintiff then commenced this action on October 31, 2005, alleging claims for reformation of the policy to include enhanced PIP pursuant to *Brennan v. Farmers Alliance Mutual Ins. Co.*, 961 P.2d 550, 554 (Colo. App. 1998), for breach of the contract as-reformed by failing to pay enhanced PIP benefits, for bad faith breach of the as-reformed contract, and for breach of the implied covenant of good faith and fair dealing.

The Defendant moves to dismiss **(# 9)** the action as untimely, arguing that the Plaintiff claims accrued no later than September 25, 2001, and that the applicable statute of limitations three years later, on September 25, 2004. C.R.S. § 13-80-101(1)(j). The Plaintiff responded **(#19)**, arguing that her claims did not accrue until she learned or should have learned that the

Defendant had failed to make the statutorily-required offer of enhanced PIP to Brian Boellstorff or the date upon which it refused her demand for enhanced PIP, and although the Plaintiff does not state what she believed those dates were, she contends that they fell within the three-year period preceding her commencement of this action. In addition, the Plaintiff contends that her statute of limitations was tolled by the pendency of a class action against the Defendant on similar issues, *Clark v. State Farm Mutual Automobile Ins. Co.,* D.C. Colo. Case No. 00-cv-01841-LTB-PAC, in that she is a potential class member and the court has yet to rule on the motion for class certification.

## ANALYSIS

To a large extent, the Court's analysis of this case parallels its August 15, 2006 decision (Docket # 44) on essentially the same factual and legal issues in *Schimmer v. State Farm Mutual Automobile Ins. Co.*, D.C. Colo. 05-cv-02513-MSK, and to the extent germane, the analysis in that decision is deemed incorporated herein.

As in *Schimmer*, the Court finds here that the Plaintiff's claims accrued on September 25, 2001, when she was advised that she would be entitled to benefits that were subject to time and/or dollar limitations, *i.e.* benefits that were not at the level of enhanced PIP. This was sufficient to put her on notice that Brian Boellstorff's policy did not include enhanced PIP coverage, and to charge her with inquiry notice as to whether the Defendant offered more generous PIP benefits to Brian Boellstorff. Thus, the Court concludes that the Plaintiff's claims accrued on September 25, 2001, and that he failure to commence this action until October 31, 2005, renders her claims untimely under the three-year statute of limitations.

However, the Court finds that the Plaintiff's statute of limitations has been tolled due to the pending class certification issue in *Clark*. The sole argument raised by the Defendant in opposition to the Plaintiff's claim of the class certification toll is that she has forfeited the benefits of that toll by commencing her own individual action. For the reasons stated in *Schimmer*, the Court disagrees, and in the absence of any other argument by the Defendant against tolling, finds that the Plaintiff's action is therefore timely. Nevertheless, for the reasons stated in *Schimmer*, the Court will stay this action pending a representation by the Plaintiff as to whether she wishes to proceed as a putative class member in *Clark* or whether she intends to pursue this action.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss **(# 9)**, converted to a motion for summary judgment, is **DENIED**. The action is **STAYED** for all purposes until such time as the Plaintiff advises the Court whether she will proceed individually in this action or will remain a member of the putative class in *Clark*.

Dated this 11th day of September, 2006

        **BY THE COURT:**

        */s/ Marcia S. Krieger*
        _____
        Marcia S. Krieger
        United States District Judge.